UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ZACHARY HIGGINBOTHAM,**

    Plaintiff,

vs.                                        CASE NO.:

**FLOWERS OF JACKSONVILLE, LLC**
**d/b/a JACKSONVILLE FLOWER MARKET,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, ZACHARY HIGGINBOTHAM, by and through his undersigned attorney, sues the Defendant, FLOWERS OF JACKSONVILLE, LLC dba JACKSONVILLE FLOWER MARKET, (hereinafter as "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1367.

2. Venue lies within United States District Court for the Middle District of Florida, Jacksonville Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Plaintiff, ZACHARY HIGGINBOTHAM, is a resident of Duval County, Florida at all times material and worked for Defendants in this Juridical District during the applicable statute of limitations.

4. Defendant, FLOWERS OF JACKSONVILLE, LLC d/b/a JACKSONVILLE FLOWER MARKET, is a Florida company authorized and doing business in this Judicial District.

At all times material Defendant employed approximately 75 individuals.

5. At all times material, Plaintiff, ZACHARY HIGGINBOTHAM, was an employee of the Defendant within the meaning of the Family and Medical Leave Act ("FMLA").

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. On May 4, 2021, Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). The Right to Sue was issued on August 12, 2021. Plaintiff intends to amend his complaint to add claims of Chapter 760 once he has complied with administrative prerequisite.

## FACTUAL ALLEGATIONS

8. Plaintiff began his employment with 1-800-Flowers approximately 17 years ago as a Designer.

9. In or around October or November 2020, Defendant purchased and became a successor in interest of the 1-800-Flowers franchise and moved the business to another location under the name Jacksonville Flower Market.

10. Plaintiff continued his employment with Jacksonville Flower Market as a Wedding and Event Consultant.

11. From approximately November 2020 through mid-January 2021, Plaintiff was hospitalized with Covid-19 and ultimately placed on a ventilator.

12. In or around the third week of January 2021, Plaintiff returned to work.

13. On or about April 7, 2021, Plaintiff underwent back and hernia surgery.

14. On or about April 9, 2021, Plaintiff asked Defendant for Family and Medical Leave Act paperwork as he would not be released by his doctor to return to work until April 23, 2021.

15. On or about April 13, 2021, Plaintiff received a letter from Defendant that his employment with Defendant was terminated due to his health and request for leave. Attached as Exhibit "A"

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") DISABILITY DISCRIMINATION

16. Plaintiff realleges and adopts the allegations in paragraphs 1 through 15 as if set out in full hereafter.

17. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

18. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

19. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability.

20. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

  f. Pecuniary and non-pecuniary losses;

  g. Attorney's fees and costs; and

  h. For any other relief, this Court deems just and equitable.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

21. Plaintiff realleges and adopts the allegations in paragraphs 1 through 15 as if set out in full hereafter.

22. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice for opposing Defendant's discriminatory treatment of his, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

23. The above-described acts constitute retaliation, in violation of the ADAAA.

24. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages;

  e. Pecuniary and non-pecuniary losses;

  f. Attorney's fees and costs; and

  g. For any other relief, this Court deems just and equitable.

## COUNT III
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") FAILURE TO ACCOMMODATE

25. Plaintiff realleges and adopts the allegations in paragraphs 1 through 15 as if set

out in full hereafter.

26. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

27. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

28. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interactive process.

29. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Pecuniary and non-pecuniary losses;

    g. Attorney's fees and costs; and

    h. For any other relief, this Court deems just and equitable

**COUNT IV**
**FAMILIES FIRST CORONAVIRUS RESPONSE ACT/**
**EMERGENCY FAMILY AND MEDICAL LEAVE EXPANSION ACT**

30. Plaintiff realleges and adopts the allegations in paragraphs 1 through 15 as if set out in full hereafter.

31. Plaintiff is an individual entitled to protection under the Families First Coronavirus Response Act (FFCRA) and the Emergency Family and Medical Leave Expansion Act (EFMLEA). 134 Stat. 178; H.R. 6201 §3101 *et seq*; 29 U.S.C. §§2612(a)(1)(F) and §2620, *et seq*.

32. Plaintiff is an eligible employee within the meaning of the FFCRA and EFMLEA because Plaintiff was employed by Defendant for at least 30 calendar days by Defendant.

33. Defendant is a covered employer under the FFCRA and EFMLEA because Defendant has fewer than 500 employees.

34. Plaintiff had a "qualifying need related to a public health emergency." Specifically, Plaintiff was unable to work or telework due to contracting Covid and being hospitalized.

35. Defendant's actions interfered with Plaintiff's lawful exercise of his rights under the FFCRA and EFMLEA. Specifically, Defendant retaliated and discriminated against Plaintiff for asserting his right to leave under the FFCRA and EFMLEA prior to the law's effective date of April 2, 2020. In other words, Plaintiff made a valid pre-eligibility request for post-eligibility leave under the FFCRA and EFMLEA and Defendant retaliated against Plaintiff for asserting his right to take leave when the law took effect. See *Pereda v. Brookdale Senior Living Communities, Inc.*, 666 F.3d 1269 (11th Cir. 2012).

36. Defendant's actions constitute violations of the FFCRA and EFMLEA.

37. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Liquidated damages;

    e.    Attorneys' fees and costs;

    f.    Injunctive relief; and

    g.    For any other relief, this Court deems just and equitable.

## COUNT V
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

38. Plaintiff realleges and adopts the allegations in paragraphs 1 through 15 as if set out in full hereafter.

39. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq.

40. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding his FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

41. Defendant is a covered employer under the FMLA in that they had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

42. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

43. Defendant's actions interfered with Plaintiff's lawful exercise of his FMLA rights among other actions.

44. Defendant's actions constitute violations of the FMLA.

45. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

      b.      Prejudgment interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Liquidated damages;

      e.      Attorneys' fees and costs;

      f.      Injunctive relief; and

      g.      For any other relief, this Court deems just and equitable.

## COUNT VI
## FAMILY MEDICAL LEAVE ACT – RETALIATION

46. Plaintiff realleges and adopts the allegations in paragraphs 1 through 15 as if set out in full hereafter.

47. Defendant has retaliated against Plaintiff in violation of the FMLA in that Plaintiff's good faith request to utilize FMLA leave was a substantial or motivating factor which prompted Defendant to terminate Plaintiff's employment.

48. Defendant's actions constitute a violation of the FMLA.

49. As a result of Defendant's actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant,

      a.      Back pay and benefits;

      b.      Prejudgment interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Liquidated damages;

      e.      Attorneys' fees and costs;

      f.      Injunctive relief; and

      g.      For any other relief, this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

50. Plaintiff demands a trial by jury on all issues so triable.

Dated this 27th day of September 2021.

                                            **FLORIN GRAY BOUZAS OWENS, LLC**

*/s/Wolfgang M. Florin*
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary:     wolfgang@fgbolaw.com
Secondary:  debbie@fgbolaw.com
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff